**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| NICOLAS HERNANDEZ-LOPEZ, | No. 21-249 |
| Petitioner, | Agency No. A206-899-456 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2025**
San Francisco, California

Before: CLIFTON, OWENS, and BUMATAY, Circuit Judges.

Nicolas Hernandez-Lopez is a native and citizen of Guatemala. He petitions

for review of a Board of Immigration Appeals (BIA) order that dismissed an

appeal from an Immigration Judge's (IJ) denial of his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's order and any parts of the IJ's decision adopted by the BIA.  *Abebe v. Gonzales*, 432 F.3d 1037, 1039–41 (9th Cir. 2005) (en banc).  We review legal conclusions *de novo* and factual findings for substantial evidence.  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).  Under the deferential substantial evidence standard, the petitioner must show that the evidence compels the conclusion that the factual findings are erroneous.  *Id.*

1.  Substantial evidence supports the agency's conclusion that Hernandez-Lopez was ineligible for asylum and withholding of removal because he did not establish that he experienced past persecution or maintained an objectively reasonable fear of future persecution.  *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (asylum); *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006) (withholding of removal).  As the agency acknowledged, even though Hernandez-Lopez was threatened at knifepoint, he was never physically harmed by gang members.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) ("[U]nfulfilled threats . . . constitute harassment rather than persecution.").  Additionally, the agency noted that the threats were not of immediate harm.  Hernandez-Lopez further argues that the agency failed to account for his age when evaluating the effects of these threats, but the agency did consider his youth at the time of his mistreatment.  Thus, in light of the lack of

2                                                    21-249

physical harm or threat of immediate harm, substantial evidence supports the agency's finding that Hernandez-Lopez was not subject to past persecution.

2. The agency's finding of no objectively reasonable fear of future persecution is also supported by substantial evidence. The agency noted that the last time gang members contacted his family was in 2018. Moreover, his family still safely resides in Guatemala and continues to practice their religion—a fact that "undermines a reasonable fear of future persecution." *Sharma v. Garland*, 9 F.4th 1052, 1061, 1066 (9th Cir. 2021). Further, the agency found that, given his age and ability to gain employment and care for himself, Hernandez-Lopez failed to demonstrate an inability to relocate within Guatemala to avoid those threatening him. *See Cordon-Garcia v. INS*, 204 F.3d 985, 991 (9th Cir. 2000) ("When determining whether a fear is 'well-founded,' a court may consider evidence that a person could safely move elsewhere in their home-country."). Thus, substantial evidence supports the agency's conclusion that Hernandez-Lopez is not eligible for asylum or withholding of removal.

3. Finally, substantial evidence supports the agency's finding that Hernandez-Lopez was ineligible for CAT protection. To be eligible for CAT protection, Hernandez-Lopez must establish, among other criteria, a clear probability of torture by or with the acquiescence of a Guatemalan official. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The agency found that, for the reasons

underpinning the denial of Hernandez-Lopez's applications for asylum and withholding of removal, Hernandez-Lopez failed to demonstrate an adequate likelihood that Hernandez-Lopez would be tortured in Guatemala. Moreover, the agency found that Hernandez-Lopez did not establish that the Guatemalan government would acquiesce to gang members torturing him. The IJ pointed to evidence in the country conditions reports demonstrating active steps by the Guatemalan government to combat government corruption and gang violence. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam) ("[A] government does not 'acquiesce' to torture where the government actively, albeit not entirely successfully, combats the illegal activities."). Thus, substantial evidence supports the agency's conclusion that Hernandez-Lopez is ineligible for CAT protection.

**PETITION DENIED.**